IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| BOBBY NEELY | PLAINTIFF |
| v. | CIVIL ACTION NO. 1:24-CV-45-SA-RP |
| BUILDERS MUTUAL INSURANCE COMPANY | DEFENDANT |
| BUILDERS MUTUAL INSURANCE COMPANY | COUNTER CLAIMANT |
| v. | |
| BOBBY NEELY | COUNTER DEFENDANT |

ORDER AND MEMORANDUM OPINION

Bobby Neely initiated this civil action on January 25, 2024 by filing his Complaint [2] in the Circuit Court of Oktibbeha County, Mississippi. Builders Mutual Insurance Company ("BMIC") removed the case to this Court on March 5, 2024, premising federal jurisdiction on diversity of citizenship. Before the Court is BMIC's Motion for Summary Judgment [30]. The Motion [30] has been fully briefed and is ripe for review. The Court is prepared to rule.

*Relevant Factual and Procedural Background*

On October 31, 2022, Bobby Neely was injured in a motor vehicle accident caused by John Harper, an uninsured motorist and third-party tortfeasor. At the time of the accident, Neely was acting in the course and scope of his employment and operating a vehicle owned by his employer, Byrum Construction, Inc. BMIC insured the Byrum Construction vehicle that Neely was driving. The BMIC policy includes uninsured motorist coverage. Neely's Complaint [2] seeks uninsured motorist benefits under the BMIC policy.

Neely received workers' compensation benefits after the accident.[1] BMIC's uninsured motorist policy contains the following provision regarding workers' compensation benefits: "We will not pay for any element of 'loss' if a person is entitled to receive payment for the same element of 'loss' under any workers' compensation, disability benefits or similar law." [30], Ex. 1 at p. 2. Citing this provision, BMIC brings a counter claim for declaratory judgment, seeking an adjudication as to what extent, if any, Neely is entitled to uninsured motorist benefits under the policy.

Before the Court is BMIC's Motion for Summary Judgment [30] wherein it contends (1) that Neely is not entitled to uninsured motorist benefits under the policy and (2) that workers' compensation exclusivity bars an employee's ability to recover under his employer's uninsured motorist policy. Neely opposes the Motion [30].

*Summary Judgment Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. (quoting *Celotex*, 477 U.S. at 323, 106 S. Ct.

---

[1] BMIC is also Byrum Construction's workers' compensation insurance carrier.

2

2548). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However, "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted).

*Analysis and Discussion*

The Court will begin with the issue of workers' compensation exclusivity before turning to the language of the policy.

I. *Workers' Compensation Exclusivity*

The Mississippi Workers' Compensation Act ("MWCA") provides that "[t]he liability of an employer to pay compensation shall be exclusive and in place of all liability of such employer to the employee. . . ." MISS. CODE ANN. § 71-3-9. As such, "[a]n employer that secures workers' compensation coverage that complies with the law enjoys immunity from suit in tort for an employee's injury." *Dawson v. Burgs*, 373 So. 3d 759, 763 (Miss. Ct. App. 2023) (citation omitted).

Here, BMIC argues that Neely may not recover from his employer's uninsured motorist policy because workers' compensation exclusivity bars his claim, which, it contends, is effectively a claim against his employer. Citing several cases, BMIC asserts that the question of whether an

employee may obtain workers' compensation and recover uninsured motorist benefits under his employer's policy "has been answered with an affirmative 'no' under Mississippi Law several times." [31] at p. 6. The Court will address those cases in turn.

Start with *Perkins v. Ins. Co. of N. Am.*, 799 F.2d 955 (5th Cir. 1986). There, Plaintiff H.G. Perkins was injured in a motor vehicle accident while riding as a passenger in a vehicle owned by his employer and operated by his co-employee. *Id.* at 956. The co-employee was responsible for the accident. *Id.* The two were acting in the course and scope of their employment at the time of the accident and Perkins received workers' compensation benefits. *Id.* Perkins then sought to recover under his employer's uninsured motorist policy, alleging that his at-fault co-employee was personally uninsured. *Id.*

The Fifth Circuit held that Perkins was not entitled to uninsured motorist benefits under Mississippi's uninsured motorist statute or the employer's uninsured motorist policy with language that mirrored the statute. *Id.* at 958. The uninsured motorist statute requires that uninsured motorist coverages "undertak[e] to pay the insured all sums which he shall be *legally entitled to recover* as damages. . . from the owner or operator of an uninsured motor vehicle. . . ." MISS. CODE. ANN. § 83-11-01(1)) (emphasis added). The MWCA in turn provides that an employee injured in the course and scope of his employment by the negligence of a co-employee is not legally entitled to recover from the co-employee because workers' compensation exclusivity applies to both employers and co-employees. *Perkins*, 799 F.2d at 959 (citing *McCluskey v. Thompson*, 363 So.2d 256 (Miss. 1978)) (additional citation omitted). Consequently, because Perkins was not "legally entitled to recover" from the owner of the vehicle, his employer, or the operator of the vehicle, his co-employee, he was not entitled to uninsured motorist benefits under the uninsured motorist statute or his employer's uninsured motorist policy. *Id.*

4

Several years later, in the factually similar case of *Medders v. U.S. Fid. & Guar. Co.*, 623 So.2d 979 (Miss. 1993), the Mississippi Supreme Court considered the same issue of whether a co-employee's workers' compensation immunity precluded an employee's recovery of uninsured motorist benefits under his employer's uninsured motorist policy. Like in *Perkins*, the court first emphasized that Mississippi's uninsured motorist statute mandates coverage where an insured is "legally entitled to recover" from the owner or operator of an uninsured vehicle. *Id.* at 984. The court held that "[t]here is no statutory mandate to provide coverage in instances where the alleged tortfeasor is immune from liability." *Id.* at 989 (citations omitted; emphasis in original). The court concluded that the plaintiffs were not legally entitled to recover from the immune co-employee and therefore not entitled to recover damages under the uninsured motorist statute or policy, which tracked the language of the statute. *Id.* at 988.

In *Bufkin v. GEICO Ins. Agency, Inc.*, 337 So. 3d 1049 (Miss. 2022), the Mississippi Supreme Court considered whether an employee, injured by her employer in an automobile accident, may recover under her personal uninsured motorist policy. There, Plaintiff Crystal Bufkin was injured in a motor vehicle accident while riding as a passenger in a vehicle owned and operated by her employer. *Id.* at 1050. The operator of the vehicle in which Bufkin was riding was responsible for the accident and Bufkin and the operator were acting within the course of scope of their employment. *Id.* Bufkin received workers' compensation benefits as a result of the accident. *Id.*

Bufkin sought uninsured motorist benefits under her personal insurance policy. *Id.* Bufkin's insurer moved to dismiss her suit, arguing that "no uninsured motorist coverage existed because Bufkin was not 'legally entitled to recover' damages from the tortfeasor, i.e. her employer, who was immune." *Id.* The Mississippi Supreme Court, relying in part on *Meddars*, agreed with

5

the insurer, holding that Bufkin "[could not] recover under uninsured motorist coverage that tracks the language of the statute and limits coverage to those damages which the employee would be 'legally entitled to recover[.]'" *Id.* (citing *Meddars*, 623 So. 2d at 989).

As BMIC acknowledges, *Perkins*, *Meddars*, and *Bufkin* each involved plaintiffs that were injured *by co-employees*. In each case, the plaintiffs were not legally entitled to recover from the owner or operator of the vehicle and therefore not legally entitled to recover uninsured motorist benefits under their employers' policies (or a personal policy, in Bufkin's case). BMIC argues, without citation, that the same result is warranted here because Neely's suit against his employer's insurer is effectively the same as a suit against his employer, from whom he is not legally entitled to recover. The Court disagrees.

Again, the uninsured motorist statute requires that uninsured motorist coverages "undertak[e] to pay the insured all sums which he shall be legally entitled to recover as damages. . . *from the owner or operator of an uninsured motor vehicle*. . . ." MISS. CODE. ANN. § 83-11-01(1)) (emphasis added). As in the referenced cases, the policy at issue here contains similar language. *See* [30], Ex. 1 at p. 1 ("We will pay all sums the 'insured' is legally entitled to recover. . . as compensatory damages from the owner or driver of an 'uninsured motor vehicle'."). Crucially, the parties do not dispute that Neely would be legally entitled to recover from Harper—a third-party tortfeasor who was operating an uninsured motor vehicle—but for his lack of insurance. Thus, the uninsured motorist statute and policy do not preclude recovery as they did in *Perkins*, *Meddars*, and *Bufkin*.

Moreover, *Perkins* clearly indicates that workers' compensation exclusivity does not bar any and all claims by an employee under his employer's uninsured motorist coverage, as BMIC argues. In *Perkins*, the Fifth Circuit noted: "Under the Mississippi uninsured motorist statute,

Perkins is entitled to benefits from [his employer's insurer] *only if* he is legally entitled to recover his damages from the owner or operator of an uninsured vehicle." 799 F.2d at 958 (emphasis added).[2] In other words, there is in fact a scenario where an employee would be entitled to recover under his employer's uninsured motorist policy. That scenario is present here where Neely is legally entitled to recover from the operator of an uninsured vehicle.

Lastly, the Court notes that there are Mississippi cases—albeit cases regarding separate legal issues—that involve plaintiffs recovering under their employers' uninsured motorist policies. *See, e.g., Meyers v. Am. States Ins. Co.*, 914 So. 2d 669, 676-77 (Miss. 2005) (finding that employee was entitled to employer's uninsured motorist coverage but not entitled to stack the coverage); *Cossit v. Nationwide Mut. Ins. Co.*, 551 So. 2d 879 (Miss. 1989) (finding that employer's workers' compensation carrier had no right to intervene and seek recovery from employee's uninsured motorist claim under employer's policy) *overruled on other grounds by Meyers*, 914 So. 2d 669.

The Court rejects BMIC's argument that workers' compensation exclusivity bars Neely's recovery under his employer's uninsured motorist coverage where he would be legally entitled to recover from the tortfeasor. This brings the Court to the question of the extent of coverage to which Neely is entitled under the policy.

---

[2] Though the Mississippi Supreme Court in *Meddars* never explicitly adopted *Perkins'* reasoning, the *Meddars* court discussed *Perkins* at length, including the statement that "Perkins was entitled to benefits from the insurer only if he was legally entitled to recover his damages from the owner or operator of an uninsured vehicle," and reached the same conclusion as to the ultimate issue of the case. *Meddars*, 623 So. 2d at 987 (citing *Perkins*, 799 F.2d at 958).

7

II.     *Limit of Insurance Provision*

The BMIC policy at issue provides: "We will not pay for any element of 'loss' if a person is entitled to receive payment for the same element of 'loss' under any workers' compensation, disability benefits or similar law." [30], Ex. 1 at p. 2.

BMIC argues that Neely is not entitled to uninsured motorist benefits under the policy because he seeks payment for the same losses for which he received workers' compensation.

Neely argues that the subject provision is unenforceable under *Watson v. Travelers Prop. Cas. Co. of America*, 2014 WL 3699870 (S.D. Miss. July 24, 2014). In *Watson*, the United States District Court for the Southern District of Mississippi held that an identical provision was unenforceable pursuant to the Mississippi Supreme Court's decision in *Nationwide Mut. Ins. Co. v. Garriga*, 636 So. 2d 658 (Miss. 1994).

In *Garriga*, the Mississippi Supreme Court considered the enforceability of an uninsured motorist offset provision that reduced the injured party's uninsured motorist coverage by the amount of any workers' compensation benefits paid or payable as a result of the same injury. *Id.* The provision read:

> Any amount paid and the present value of all amounts payable on account of such bodily injury under any workers' compensation law, disability benefits law or any similar law shall be applied in reduction of the amount of damages which the insured may be entitled to recover under this endorsement.

*Id.* at 661.

The court first emphasized that an insurer could not reduce uninsured motorist coverage below the statutory minimum. *Id.* at 664. The primary question before the court was "What is the minimum?" *Id.* at 659. Interpreting the Mississippi uninsured motorist statute, the court held that "the minimum is that amount of coverage that the insured elects up to the amount of liability

8

coverage purchased." *Id.* The *Garriga* court therefore found that the provision at issue impermissibly reduced the uninsured motorist coverage below the statutory minimum because it would "always reduce the policy limit if workers' compensation had been paid, no matter the ultimate damages suffered." *Id.* In other words, the provision functioned to reduce the uninsured motorist policy limits by the amount of workers' compensation received, even if Garriga's damages, minus the workers' compensation payments, exceeded the policy limits.

Applying *Garriga*, the district court in *Watson* found that the same provision at issue in this case was unenforceable because it was "overly broad" like the provision at issue in *Garriga*. 2014 WL 3699870, at *3. This Court is not bound by the *Watson* decision, which did not interpret the provision based on its language but instead appeared to adopt the insurer's position that the provision would have barred Watson from recovering any uninsured motorist coverage, even the statutory minimum. *Id.* The Court will engage in its own interpretation of the provision.

As noted, the provision at issue provides as follows: "We will not pay for any element of 'loss' if a person is entitled to receive payment for the same element of 'loss' under any workers' compensation, disability benefits or similar law." [30], Ex. 1 at p. 2. The provision is unlike the unenforceable provision at issue in *Garriga* in that it does not reduce the policy limits by the amount of workers' compensation benefits received. The language is straightforward and simply provides that Neely cannot recover for the *same element of loss* under both the uninsured motorist and workers' compensation policies. In other words, if Neely has damages for which he has not received workers' compensation benefits, he is entitled to recover those damages under the uninsured motorist policy, up to the policy limit.

In finding that the provision at issue is enforceable, the Court notes that the Fifth Circuit, applying Mississippi law, found an uninsured motorist provision enforceable where it operated in

9

the same way as the one at issue here in that it prevented the double payment of medical expenses. *See Welborn v. State Farm Mut. Auto. Ins. Co.*, 480 F.3d 685 (5th Cir. 2007). In *Welborn*, the uninsured motorist provision provided that "[n]o person for whom medical expenses are payable under the coverage shall recover *more than once* for the *same* medical expense under this or similar vehicle insurance." *Id.* at 688 (emphasis in original). The court held that the clause was enforceable because, unlike the clause in *Garriga* that would have denied the plaintiff the limits of her uninsured motorist policy if her damages had been high enough, the clause at issue "only operat[ed] to prevent a double payment for exactly the same damages." *Id.* The Court interprets the clause in the BMIC policy to operate in the same, enforceable way.[3]

Notably, BMIC appears to interpret the provision correctly. BMIC argues that Neely is not entitled to uninsured motorist benefits under the policy because he seeks payment for same losses for which he received workers' compensation. *See* [31] at p. 5. Yet, BMIC points to no evidence demonstrating the "elements of loss" for which Neely has received workers' compensation. *See Badon v. Dolgencorp LLC*, 2022 WL 7734636, at *3 (W.D. La. Oct. 12, 2022) ("Unsupported arguments and representations of counsel in a brief are not competent summary judgment

---

[3] Though not binding on this Court, the Court notes that the United States District Court for the Eastern District of California recently interpreted an uninsured motorist provision nearly identical to the one at issue here in the same way, relying in part on multiple state courts that have reached the same conclusion. *See Akkerman v. Grange Ins. Ass'n*, 525 F. Supp. 3d 1122, 1127 (E.D. Cal. 2021) ("If Akkerman proves she has additional elements of loss not covered by workers' compensation, Defendant under the policy is required to pay those different elements up to the policy limit.") (citing *Nat'l Ins. Ass'n v. Sockwell*, 829 So. 2d 111, 132 (Ala. 2002) ("National's adjuster never even attempted to discern which of those elements of loss were not covered under Alabama workers' compensation law and, thus, which of those elements would be compensable under the National policy"); *Greenfield v. Cincinnati Ins. Co.*, 737 N.W. 2d 112, 119 (Iowa 2007) (finding that the "elements of loss" language suggests the need to break down the loss or recovery awarded by the jury into "elements of loss" and then analyze each "element of loss" separately to determine whether the recovery for the "element" is duplicative or amounts to "the same element of loss" recovered under workers' compensation); *St. Paul Fire & Marine Ins. Co. v. Emp'rs Ins. Co. of Nev.*, 122 Nev. 991, 146 P.3d 258, 263 (2006) (finding "the elements of loss" provision simply limits the coverage available to an injured employee to elements of loss not already covered by the workers' compensation)).

evidence.") (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)). And as Neely points out, "[t]he payment of workers' compensation is regulated by statute, and does not provide for the same damages that are available in a tort action." *Garriga*, 636 So.2d at 663 (citing MISS. CODE. ANN. § 71-3-13).

The Court finds that if Neely proves that he has elements of loss not covered by workers' compensation, the BMIC uninsured motorist policy affords him coverage.

*Conclusion*

For the reasons set forth above, BMIC's Motion for Summary Judgment [30] is DENIED.

SO ORDERED, this the 3rd day of June, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

11